## NUNEMAKER v. NUNEMAKER.

[No. 12,822. Filed June 8, 1927.]

GUARDIAN AND WARD.—*Provision of statute that minor over four-teen shall have the right to select his guardian is mandatory, and guardian appointed without knowledge of ward should be removed.*—The provisions of §3381 Burns 1926 that a minor over fourteen years of age shall have the right to select his guardian, and that the one selected by him, if suitable, shall be appointed, are mandatory, and the appointment of a guardian for such minor without giving him or her an opportunity to exercise the right of selection should be vacated in a direct proceeding for that purpose.

From Grant Circuit Court; *J. F. Charles,* Judge.

Proceeding by Eugenia Nunemaker against Nathaniel Nunemaker to set aside the appointment of defendant as her guardian. From an order vacating the appointment, the defendant appeals. *Affirmed.* By the court in banc.

*Van Atta & Clawson,* for appellant.

*Condo & Batton* and *William Robison,* for appellee.

REMY, J.—Suit by appellee, a minor, against appellant to set aside the appointment of appellant as her guardian. Material averments of the complaint are: On May 14, 1924, appellee became fourteen years of age; on June 19, 1924, her father died and appellant was on that day appointed guardian of appellee; that appellee did not select appellant as guardian, was given no opportunity to make a selection, and had no knowledge that the appointment had been made until about the time of the commencement of this suit, July 13, 1925; that appellee's mother is a competent and suitable person to act as her guardian; that if she had been permitted to make a selection, she would have selected her mother; and that she now asks that the appointment heretofore made be set aside and that her mother be appointed.

A demurrer to the complaint for want of sufficient facts having been overruled and the cause put at issue, a trial resulted in an order of the court vacating the guardianship appointment, from which order this appeal is prosecuted.

Action of the court in overruling demurrer to the complaint is the only error assigned and properly presented. In reviewing the action of the trial court, it must be borne in mind that this is not a suit to remove a guardian for cause, but a direct action to vacate the order of appointment. The one question for determination is: In a direct proceeding brought for that purpose in the court where the appointment was made, can the appointment of a guardian for a minor over the age of fourteen years be set aside on the ground that the minor was not given an opportunity to make a selection of his guardian subject to the court's approval.

Section 2 of the legislative enactment concerning guardianship of infants (2 R. S. 1852 p. 321, §3381 Burns 1926) provides: "If the minor be over the age of fourteen years, such minor shall have the right to select a guardian, and, if the person so selected shall be a suitable person, such person shall be appointed. But if such minor shall fail to select a suitable person, an appointment shall be made without reference to the wishes of such minor. Such selection may be proved to the satisfaction of the court or clerk making the appointment without the personal attendance of such minor."

The language of the statute is clear and definite. There is no room for doubt as to the meaning intended. A minor over the age of fourteen "shall have the right" to select his guardian, and if his selection is a suitable person, the one selected "shall be appointed." The provision is mandatory. To deny a minor over fourteen years of age the opportunity to select a competent and

suitable person to be appointed by the court is to violate the statute. If the court could make the appointment in violation of the statute in this particular, and then refuse to vacate the appointment on complaint of the minor, circumvention of the statute by designing persons would be made easy.

Appellee alleges in her complaint, and the demurrer of appellant admits, that appellee, who was at the time over fourteen, was given no opportunity to select her guardian, that she was in fact kept in ignorance of the appointment for more than a year. Evidently the court had not been informed as to all the facts and on complaint of the minor promptly and very properly set aside the appointment he had made.

The court did not err in overruling the demurrer.

Affirmed.